IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT OF ILLINOIS
ST. CLAIR COUNTY

| | |
|---|---|
| KAYLA JO FRESE, Individually and as Administrator of the Estate of ANDREW JOHN FRESE, Deceased, <br><br> PLAINTIFF, <br><br> vs. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, a Corporation, <br><br> and <br><br> BNSF RAILWAY COMPANY, d/b/a BNSF Railway, d/b/a BNSF, a Corporation, <br><br> DEFENDANTS, <br><br> and <br><br> IOWA INTERSTATE RAILROAD, LTD., d/b/a IAISRR, PETER R. HERMES, and SANDRA K. HERMES, <br><br> RESPONDENTS IN DISCOVERY. | ) ) ) ) ) ) ) ) Case No. 20-L0935 ) ) **To Serve:** ) **National Railroad Passenger** ) **Corporation, d/b/a** ) **AMTRAK** ) **Ms. Eleanor D. Acheson** ) **Executive Vice President** ) **Chief Legal Counsel and** ) **Corporate Secretary** ) **1 Massachusetts Ave NW** ) **Washington, D.C. 20001** ) ) ) ) ) ) ) |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT - You are hereby summoned and required to file a written answer in this case, or otherwise file your written entry of appearance, in the office of the Clerk of this Court, (located in the St. Clair County Courthouse, Belleville, Illinois) within 30 days after service of this summons, exclusive of the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF PRAYED IN THE COMPLAINT.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement thereon of service and fees, if any, immediately after service. If service cannot be made, the summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

Witness 11/19/2020

(Seal of Court)

_Kahulah a. Clay_ CARMEN GLENN
KAHLAH A. CLAY, Circuit Clerk

Clerk of Court

Plaintiff's Attorney:
Joel E. Brown, P.C.
416 Main St., Suite 1300
Peoria, IL 61602
Phone (309) 673-4357
Fax (309) 673-6119
Email: jb@joelebrown.com

Date of Service _____, 2020
(To be inserted by officer on copy left with defendant)

EXHIBIT A

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
20L0935
St. Clair County
11/18/2020 2:51 PM
11186204

IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT OF ILLINOIS
ST. CLAIR COUNTY

| | |
|---|---|
| KAYLA JO FRESE, Individually and as Administrator of the Estate of ANDREW JOHN FRESE, Deceased, <br><br> PLAINTIFF, <br><br> vs. <br><br> NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, a Corporation, <br><br> and <br><br> BNSF RAILWAY COMPANY, d/b/a BNSF RAILWAY, d/b/a BNSF, a Corporation, <br><br> DEFENDANTS, <br><br> and <br><br> IOWA INTERSTATE RAILROAD, LTD., d/b/a IAISRR, PETER R. HERMES, and SANDRA K. HERMES, <br><br> RESPONDENTS IN DISCOVERY. | Case No. 20-L0935 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, KAYLA JO FRESE, Individually and as Administrator of the Estate of Andrew John Frese, deceased, by and through her attorney Joel E. Brown, P.C., and complaining of the Defendants, states as follows:

*Allegations Common to All Counts*

1. Defendant NATIONAL RAILROAD PASSENGER CORPORATION, d/b/a AMTRAK, a Corporation, (hereinafter, "AMTRAK"), was and is at all relevant times herein a corporation organized under the laws of the United States, with its principal

1

EXHIBIT A

offices and place of business located in the District of Columbia, and owned property and was doing business in the State of Illinois, for the purpose of providing passenger rail service; Amtrak is qualified to do business in the State of Illinois because Amtrak carries out an activity in Illinois as authorized by 49 U.S.C. §24301 *et seq*. That section further provides that "Amtrak shall accept service of process by certified mail addressed to the secretary of Amtrak at its principal office and place of business." AMTRAK thus may be served via certified mail addressed to Ms. Eleanor D. Acheson, Executive Vice President, Chief Legal Counsel and Corporate Secretary, at 1 Massachusetts Avenue NW, Washington, D.C., 20001.

2. Defendant BNSF RAILWAY COMPANY, d/b/a BNSF Railway, d/b/a BNSF, a Corporation, (hereinafter, "BNSF"), was and is at all relevant times herein a corporation organized under the laws of the State of Delaware, with its principal offices and place of business located in the State of Texas, and owned property and was doing business in the State of Illinois, for the purpose of, among other purposes, providing railroad track for AMTRAK trains. Defendant BNSF is authorized to do business in the State of Illinois and may be served through its registered agent CT Corporation System, 208 South LaSalle Street, Chicago, IL 60604.

3. Plaintiff KAYLA JO FRESE (hereinafter, "Kayla") has been appointed by the Circuit Court of the Thirteenth Judicial Circuit of Illinois, Bureau County, as Administrator of the Estate of Andrew John Frese, deceased, (hereinafter "Andrew").

4. Defendant BNSF and Defendant AMTRAK conduct business in St. Clair County, Illinois and thus pursuant to 735 ILCS 5/2-102 venue herein is proper in the Circuit Court for St. Clair County.

5. On or about November 22, 2018, at approximately 9:35 am, Andrew was employed as an agricultural worker for AG View FS, Inc. and was operating a farm tractor with an anhydrous ammonia tank attachment in tow for a client land-owner of his employer, and was driving the equipment southbound across a private railroad grade crossing adjacent to the properties of the client.

6. The crossing in question is identified specifically as USDOT Crossing Number 079703Y, at milepost 112.5, Wyanet Township, Bureau County, Illinois. The railroad track and crossing in question is and was owned by BNSF and bisects two parcels of property owned and farmed by the same land-owner, and the crossing is located at the approximate mid-point where the tracks bisect the land parcels.

7. At the time and date alleged, Andrew was using the railroad crossing as an invitee of Defendant BNSF as owner of the crossing where Andrew was working. Andrew further was using the crossing under, and pursuant to, the rights of the adjoining land-owner to do so.

8. At the same time and date, the railroad grade crossing, right-of-way and railroad tracks were designed and/or owned and/or maintained and/or controlled by Defendant BNSF.

9. At the same time and date, a passenger train (No. 381) owned by Defendant AMTRAK and operated by employees of Defendant AMTRAK was traveling westbound at a speed in excess of 75 miles per hour as it approached the crossing that Andrew was driving his equipment across, and thereupon collided with the tractor driven by Andrew, fatally injuring him.

<u>*Count I*</u>
*Wrongful Death – Negligence of AMTRAK*

10. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above, as though fully set forth herein.

11. Counts I and II of this cause of action are presented pursuant to an Illinois statute known as the Wrongful Death Act, which was in full force and effect during all relevant dates alleged herein and which provides, in part, at 740 ILCS 180/1, 2:

> § 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.
>
> § 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person.

12. Andrew departed this life on November 22, 2018, at the age of 25 years, and is survived by the following next of kin: his lawfully married wife Kayla, and their 2 minor children, aged 4 and 2. Plaintiff brings suit in Counts I and II on behalf of all potential wrongful death beneficiaries as set forth in the statute above.

13. AMTRAK and employees of AMTRAK acting in the course and scope of their employment knew, or in the exercise of ordinary care, should have known, that the crossing where the collision occurred was dangerous, and presented a specific, individual

hazard because of any one or combination of the following factors specific to the crossing referenced:

(a) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(b) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of AMTRAK trains approaching the crossing;

(c) the grade approaching the crossing was unsafely designed and/or built because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(d) the grade approaching the crossing was unsafely designed and/or built because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of AMTRAK trains approaching the crossing.

14. The aforesaid collision and resulting death of Andrew was directly and proximately caused by the negligence, carelessness, failures and omissions of the Defendant AMTRAK in any one or more of the following respects:

(a) that employees of AMTRAK operated its train and failed to timely sound an audible warning, horn, whistle or bell as it approached the crossing in question, when it knew or should have known the crossing was dangerous, and presented a specific, individual hazard; and/or

(b) that employees of AMTRAK operated its train and failed to exercise ordinary care to timely apply its brakes when Andrew's tractor was observably crossing the tracks; and/or

(c) that employees of AMTRAK operated its train and failed to exercise ordinary care to keep a safe and proper lookout when Andrew's tractor was observably crossing the tracks.

15. As a direct and proximate result of the negligence, carelessness, failures and omissions of Defendant AMTRAK, as stated aforesaid, Andrew's next of kin suffered the death of their husband and father, and have and will continue to suffer the loss of the value of money, benefits, goods, services, society, love, affection, care, attention, companionship, comfort, guidance, protection, instruction, superintendence of education, and support, and each of his next of kin have and will continue to suffer grief, sorrow and mental suffering. Andrew's widow Kayla has further suffered and will continue to suffer the loss of marital relations, comfort and society with him.

WHEREFORE the Plaintiff prays for judgment in her favor as to Count I against Defendant AMTRAK, for such compensatory damages as are fair and reasonable in the circumstances, an amount in excess of $50,000, together with her costs incurred herein.

*Count II*
*Wrongful Death – Negligence of BNSF*

16. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above, as though fully set forth herein.

17. Counts I and II of this cause of action are presented pursuant to an Illinois statute known as the Wrongful Death Act, which was in full force and effect during all relevant dates alleged herein and which provides, in part, at 740 ILCS 180/1, 2:

> § 1. Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.
>
> § 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, to the surviving spouse and next of kin of such deceased person.

18. Andrew departed this life on November 22, 2018, at the age of 25 years, and is survived by the following next of kin: his lawfully married wife Kayla, and their 2 minor children, aged 4 and 2. Plaintiff brings suit in Counts I and II on behalf of all potential wrongful death beneficiaries as set forth in the statute above.

19. BNSF and employees of BNSF acting in the course and scope of their employment knew, or in the exercise of ordinary care, should have known, that the crossing where the collision occurred was dangerous, and presented a specific, individual hazard because of any one or combination of the following factors specific to the crossing referenced:

(a) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(b) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of AMTRAK trains approaching the crossing;

(c) the grade approaching the crossing was unsafely designed and/or built and/or maintained because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(d) the grade approaching the crossing was unsafely designed and/or built and/or maintained because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of AMTRAK trains approaching the crossing.

20. The aforesaid collision and resulting death of Andrew was directly and proximately caused by the negligence, carelessness, failures and omissions of the Defendant BNSF in any one or more of the following respects:

(a) that BNSF failed to maintain, cut back or remove the trees, shrubs and vegetation next to the crossing and in the right-of-way such that the vegetation obscured the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(b) that BNSF failed to maintain, cut back or remove the trees, shrubs and vegetation next to the crossing and in the right-of-way such that the vegetation obscured the line of sight for the operator of AMTRAK trains approaching the crossing;

(c) that BNSF designed and/or built and/or maintained an unsafe crossing because the grade approaching the crossing from the north is extremely steep, such that the

elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(d) that BNSF designed and/or built and/or maintained an unsafe crossing because the grade approaching the crossing from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of AMTRAK trains approaching the crossing;

(e) that BNSF failed to install a "whistle post" or other device to instruct and/or advise the operator of AMTRAK trains approaching the crossing to sound an audible warning while approaching the crossing.

21. As a direct and proximate result of the negligence, carelessness, failures and omissions of Defendant BNSF, as stated aforesaid, Andrew's next of kin suffered the death of their husband and father, and have and will continue to suffer the loss of the value of money, benefits, goods, services, society, love, affection, care, attention, companionship, comfort, guidance, protection, instruction, superintendence of education, and support, and each of his next of kin have and will continue to suffer grief, sorrow and mental suffering. Andrew's widow Kayla has further suffered and will continue to suffer the loss of marital relations, comfort and society with him.

WHEREFORE the Plaintiff prays for judgment in her favor as to Count II against Defendant BNSF, for such compensatory damages as are fair and reasonable in the circumstances, an amount in excess of $50,000, together with her costs incurred herein.

### *Count III*
*Loss of Consortium – Negligence of AMTRAK – Alternative to Count I*

22. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above, as though fully set forth herein.

9

EXHIBIT A

23. Counts III and IV of this cause of action are stated alternatively to Counts I and II, and not in addition to or duplicative thereof, pursuant to 735 ILCS 5/2-613.

24. Andrew departed this life on November 22, 2018, at the age of 25 years, and at the time was lawfully married to his wife Kayla.

25. AMTRAK and employees of AMTRAK acting in the course and scope of their employment knew, or in the exercise of ordinary care, should have known, that the crossing where the collision occurred was dangerous, and presented a specific, individual hazard because of any one or combination of the following factors specific to the crossing referenced:

(a) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(b) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of AMTRAK trains approaching the crossing;

(c) the grade approaching the crossing was unsafely designed and/or built because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(d) the grade approaching the crossing was unsafely designed and/or built because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of AMTRAK trains approaching the crossing.

26. The aforesaid collision and resulting death of Andrew was directly and proximately caused by the negligence, carelessness, failures and omissions of the Defendant AMTRAK in any one or more of the following respects:

(a) that employees of AMTRAK operated its train and failed to timely sound an audible warning, horn, whistle or bell as it approached the crossing in question, when it knew or should have known the crossing was dangerous, and presented a specific, individual hazard; and/or

(b) that employees of AMTRAK operated its train and failed to exercise ordinary care to timely apply its brakes when Andrew's tractor was observably crossing the tracks; and/or

(c) that employees of AMTRAK operated its train and failed to exercise ordinary care to keep a safe and proper lookout when Andrew's tractor was observably crossing the tracks.

27. As a direct and proximate result of the negligence, carelessness, failures and omissions of Defendant AMTRAK, as stated aforesaid, Andrew's widow Kayla has suffered and will continue to suffer the loss of marital relations, comfort and society with him.

WHEREFORE the Plaintiff prays for judgment in her favor as to Count III against Defendant AMTRAK, for such compensatory damages as are fair and reasonable in the circumstances, an amount in excess of $50,000, together with her costs incurred herein.

## Count IV
*Loss of Consortium – Negligence of BNSF – Alternative to Count II*

28. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 9 above, as though fully set forth herein.

29. Counts III and IV of this cause of action are stated alternatively to Counts I and II, and not in addition to or duplicative thereof, pursuant to 735 ILCS 5/2-613.

30. Andrew departed this life on November 22, 2018, at the age of 25 years, and at the time was lawfully married to his wife Kayla.

31. BNSF and employees of BNSF acting in the course and scope of their employment knew, or in the exercise of ordinary care, should have known, that the crossing where the collision occurred was dangerous, and presented a specific, individual hazard because of any one or combination of the following factors specific to the crossing referenced:

(a) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(b) for a lengthy time prior and on the date of the crash, trees, shrubs and vegetation next to the crossing and in the right-of-way obscured the line of sight for the operator of AMTRAK trains approaching the crossing;

(c) the grade approaching the crossing was unsafely designed and/or built and/or maintained because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(d) the grade approaching the crossing was unsafely designed and/or built and/or maintained because the approach from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of AMTRAK trains approaching the crossing.

32. The aforesaid collision and resulting death of Andrew was directly and proximately caused by the negligence, carelessness, failures and omissions of the Defendant BNSF in any one or more of the following respects:

(a) that BNSF failed to maintain, cut back or remove the trees, shrubs and vegetation next to the crossing and in the right-of-way such that the vegetation obscured the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(b) that BNSF failed to maintain, cut back or remove the trees, shrubs and vegetation next to the crossing and in the right-of-way such that the vegetation obscured the line of sight for the operator of AMTRAK trains approaching the crossing;

(c) that BNSF designed and/or built and/or maintained an unsafe crossing because the grade approaching the crossing from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of a farm tractor, such as Andrew, at the crossing;

(d) that BNSF designed and/or built and/or maintained an unsafe crossing because the grade approaching the crossing from the north is extremely steep, such that the elevation difference from the approach to the tracks at the crossing obscures the line of sight for the operator of AMTRAK trains approaching the crossing.

(e) that BNSF failed to install a "whistle post" or other device to instruct and/or advise the operator of AMTRAK trains approaching the crossing to sound an audible warning while approaching the crossing.

33. As a direct and proximate result of the negligence, carelessness, failures and omissions of Defendant BNSF, as stated aforesaid, Andrew's widow Kayla has suffered and will continue to suffer the loss of marital relations, comfort and society with him.

WHEREFORE the Plaintiff prays for judgment in her favor as to Count IV against Defendant BNSF, for such compensatory damages as are fair and reasonable in the circumstances, an amount in excess of $50,000, together with her costs incurred herein.

### *Designation of Iowa Interstate Railroad, Ltd., d/b/a IAISRR as Respondent in Discovery*

34. Plaintiff hereby designates Iowa Interstate Railroad, Ltd., d/b/a IAISRR, a Delaware Corporation, as a Respondent in Discovery in this action, pursuant to 735 ILCS 5/2-402 and further states that said person is believed by the Plaintiff to have information essential to the determination of who should properly be named as additional defendants in this action.

### *Designation of Peter R. Hermes as Respondent in Discovery*

35. Plaintiff hereby designates Peter R. Hermes as a Respondent in Discovery in this action, pursuant to 735 ILCS 5/2-402 and further states that said person is believed by the Plaintiff to have information essential to the determination of who should properly be named as additional defendants in this action.

### *Designation of Sandra K. Hermes as Respondent in Discovery*

36. Plaintiff hereby designates Sandy K. Hermes as a Respondent in Discovery in this action, pursuant to 735 ILCS 5/2-402 and further states that said person is believed by the Plaintiff to have information essential to the determination of who should properly be named as additional defendants in this action.

PLAINTIFF DEMANDS TRIAL BY JURY
ON ALL COUNTS AND ISSUES SO TRIABLE

Respectfully submitted,
Plaintiff Kayla Jo Frese, Individually
and as Administrator

/s/ Joel E. Brown
Illinois Bar No. 6212326
Attorney for Plaintiff
Joel E. Brown, P.C.
416 Main Street, Suite 1300
Peoria, IL 61602
Phone: 309-673-4357
Fax: 309-673-6119
Email: jb@joelebrown.com

## RULE 222 AFFIDAVIT REGARDING DAMAGES SOUGHT

The undersigned Joel E. Brown hereby states that he represents the Plaintiff in this matter and that the total amount of damages sought herein does exceed $50,000.00.

/s/ Joel E. Brown
Joel E. Brown
Attorney for Plaintiff

## VERIFICATION BY CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in the Rule 222 Affidavit Regarding Damages Sought are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

/s/ Joel E. Brown
Joel E. Brown
Attorney for Plaintiff

Dated this 18th Day of November, 2020.

Joel E. Brown, P.C.
416 Main Street, Suite 1300
Peoria, IL 61602
Phone: 309-673-4357
Fax: 309-673-6119
Email: jb@joelebrown.com